Sneed, J.,
delivered the opinion of the court.
The action is upon a note under seal executed by Matlys, Pate and Everett to Robert Cannon, on July 4, 1852, and payable on December 25, next thereafter. The suit was instituted January 15, 1870, before a *576 justice, who rendered judgment for the plaintiffs, and the defendants brought the case by appeal into the Circuit Court, where the verdict and judgment were for the plaintiff.. The defendants appealed in error.
The original suit by warrant was in, the name of the present plaintiffs, as executors of T. A. Hawkins, deceased, who were the holders of the note. An assignment of the note is endorsed thereon, of date July 16, 1852, by Robert Cannon the payee, to \V. T. Barnes; and of the same date another assignment by said W. T. Barnes to Thomas A. Hawkins, the testator of the plaintiff.
During the progress of the cause in the Circuit Court, the plaintiffs moved to amend the warrant so that the action should be in the name of Robert Cannon for the use of the plaintiffs, and also to strike out the assignments by Cannon to Barnes, and by Barnes to the testator of the plaintiffs, all of which was- done by leave of the court. These amendments were made at September Term, 1871, and the final trial was had at September Term, 1872.
A plea of the statute of limitations of six years was filed by the defendants, which defence, we presume, was abandoned in the progress of the cause, and it is not insisted upon here. It will be observed that the note sued on is under seal, and that it was executed prior to the legislation which abolished the sanctity which pertained to sealed instruments under the ancient law.
The defendants offered the deposition of W. T. Barnes in evidence, taken in 1872, to the effect that *577 he had never held or assigned said note to the testator of the plaintiffs. This was objected to and the objection was sustained by the court, and this is assigned as error. The deposition was taken more than twenty years after the assignment referred to was made, and the witness states distinctly that he has no recollection of ever holding such a note, and that -he never assigned the same to the testator of the plaintiffs. In the state of the case at the time this deposition was offered, the testimony was certainly irrelevant and incompetent, there being no issue before the court to which such testimony would apply.
The assignments had all by leave of the court been stricken out, and the action then pending was in the name of the original payee, for the use of these plaintiffs. We, therefore, see no error in the ruling upon this point.
The defendants relied upon the presumption of payment from the lapse of time. ’ They proposed to read the several assignments on the note, which had already been stricken out; which, upon objection, was as we think, properly excluded by the court. They also, in support of the alleged presumption of payment, offered to prove when the payee Robert Cannon left the county of Carroll where the action was brought, and that the defendants Pate and Everett had continued to reside in the county, and that they were wealthy and punctual men. This testimony was also objected to for irrelevancy, and was by the court excluded.
It appears in the proof that the testator of the *578 plaintiffs died in 1852, and it is admitted that the plaintiffs are the executors of his will, but the date of their qualification as such is not shown.
The note falling due December 25, 1852, and the action having been brought in July, 1870, a period of more than seventeen years elapsed from the maturity of the note to the bringing of the action.
After the lapse of sixteen years, a note under seal, executed before seals were abolished, was presumed to be paid. But that was a disputable presumption which the plaintiff might rebut by any evidence tending to show that the note had not in fact been paid. On the other hand, the presumption might be strengthened by any evidence on the part of defendants showing circumstances that would give it strength. Thus it is said, “ the presumption is not absolute, so as to form a complete bar to the action, but may be repelled by any evidence of the situation of the parties, or other circumstances tending to satisfy the jury that the debt is still due.” 1 Heis., 700.
It was strongly insinuated in the case cited that if the full period of sixteen years had not elapsed before the beginning of the late civil war, the time excluded from computation as to the statute of limitations, should by analogy be excluded in ascertaining the presumption of payment. Ib. 701. This would depend materially upon the fact whether or not the courts were open in the county where the action is to be brought, so that the plaintiff could have enforced his remedy by course of law.
The presumption of payment from lapse of time, *579 is not a statute of limitations, but it might be materially weakened or strengthened by the circumstances in a case like this where the necessary period did not elapse until after the war, that the courts were opened or closed during the period of the civil war.
In this case there is no evidence upon the subject, and indeed no evidence at all to rebut the presumption. We hold that in such cases it is legitimate, as well for the plaintiff to adduce evidence to rebut the presumption, as for the defendant to give it strength by evidence to the contrary. The testimony offered by defendants as to the situation of the parties, their, wealth and punctuality, had some tendency, however small, to strengthen the presumption, and all such circumstances were proper matters for the consideration of the jury.
We think the court erred in excluding the testimony. Reverse the judgment, arid'* award a new trial.